## No. 33.

### MICHAEL SMITH vs. MARTHA L. WHITE AND HUSBAND.

A married woman is not responsible for debts contracted by her husband in cultivating, for his own account, a plantation belonging to her.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

Loney & Elstner for Plaintiff and Appellant.

A married woman, whether separated in community from her husband or not, is bound by contracts, the execution of which rendered her separate property more valuable and productive, whether for advances, improvements or labor.

Wise & Herndon for Defendants and Appellees.

First—He who alleges agency must prove it, in order to recover on a contract made with the alleged agent.   30 A. 493.

Second—Neither a married woman nor her separate estate are bound for debts contracted by her husband in cultivating a plantation belonging to her for his own use and benefit.   8 A. 512.

Third—All debts for wages of laborers are prescribed by one year.   C. C. 3534.

The opinion of the Court was delivered by

POCHÉ, J. Martha L. White, separated in property from her husband, Reuben White, is sued by plaintiff on an alleged contract, under which plaintiff, furnishing his labor and some mule-teams and implements, was to cultivate, in cotton and corn, a plantation, the separate property of defendant, situated in the parish of Bossier, during the years 1875 and 1876, for which services he was to receive one-third of the net proceeds of the crops thus raised.

He claims $2050 as his share of the profits for the year 1875, and $1500 for those of 1876 ; and he further claims $600 for the alleged value of his services as overseer employed by defendant to manage another plantation, also her separate property, in the same parish.

For answer, defendant specially denies having ever contracted with Smith, as alleged ; and avers that his contract was made with her husband, Reuben White, who cultivated, for his own account, her two plantations, during the years 1875–6–7.

From a judgment rejecting his demand, plaintiff has taken the present appeal.   The issue presented by the pleadings is whether plaintiff was employed by or contracted with Mrs. White, or her husband.

The District Judge, who heard and saw the witnesses testify, concludes, in a very able opinion, that the contracts charged by plaintiff had been made with defendant's husband and not with her.

Plaintiff, in his testimony, admits that he contracted with Reuben White, and intimates that the latter was acting as the agent of his wife; but he offers no proof of the agency, and admits that no one was present at his conversations with White.   The evidence of several merchants of Shreveport who sold supplies to, and sold cotton for the co-partnership, and for the Grigsby Island Plantation, while under the management of plaintiff, shows that all accounts were made and kept, and all

business transactions were carried on in the name of Reuben White individually, and not as agent of his wife.

Defendant positively swears that she made no contract, either of partnership or employment with plaintiff, and that she did not cultivate either of her cotton plantations during the years in question, but that they were cultivated by her husband for his own account.

Other witnesses testify to the fact of plaintiff cultivating well and faithfully the two plantations in question during those three years, but none of them, of their own knowledge, know by whom or on what conditions he had been employed.

Art. 2386 of our Civil Code provides that when the paraphernal property is administered by the husband, or by him and the wife indifferently, the fruits belong to the community if such exists. "If these do not exist, each party enjoys as he chooses that which comes to his hand."

In the present case, the fruits, if any were realized, undoubtedly came to the hands of the husband and, per contra, the debts contracted are due by him and not by the wife.

We are clear, after a careful review and serious consideration of all the evidence in this case, that no contract has been proven against the defendant.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.